---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware_____
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

---

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   Accelerate Diagnostics, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   8 4 – 1 0 7 2 2 5 6

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 3950  S. Country Club Rd | |
   | Number    Street | Number    Street |
   | Suite 470 | |
   | | P.O. Box |
   | Tucson           AZ      85714 | |
   | City              State    ZIP Code | City            State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | Pima | 4565  S. Palo Verde Rd |
   | County | Number    Street |
   | | Suite 233 |
   | | Tuscon          AZ      85714 |
   | | City            State    ZIP Code |

5. **Debtor's website** (URL)

   https://acceleratediagnostics.com/

---

Debtor     Accelerate Diagnostics, Inc.
           _____                Case number (if known)_____
           Name

| | | |
|---|---|---|
| **6.** | **Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:* |
| | | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | | ☑ None of the above |
| | | |
| | | B. *Check all that apply:* |
| | | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | | |
| | | C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . |
| | | 3   2   5   4 |

| | | |
|---|---|---|
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
| | | ☐ Chapter 7 |
| | | ☐ Chapter 9 |
| | | ☑ Chapter 11. *Check **all** that apply:* |
| | | ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that). |
| | | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). |
| | | ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11. |
| | | ☑ A plan is being filed with this petition. |
| | | ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
| | | ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. |
| | | ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. |
| | | ☐ Chapter 12 |

| | | |
|---|---|---|
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☑ No |
| | | ☐ Yes.  District _____  When _____  Case number _____ |
| | If more than 2 cases, attach a separate list. | MM / DD / YYYY |
| | | District _____  When _____  Case number _____ |
| | | MM / DD / YYYY |

Debtor   Accelerate Diagnostics, Inc.
_____
Name

Case number *(if known)*_____

| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. |
|---|---|

☐ No

☑ Yes.   Debtor   Accelerate Diagnostics Texas, LLC   Relationship   Affiliate

District   Delaware   When   May 8, 2025
<br>MM / DD / YYYY

Case number, if known   _____

| 11. | **Why is the case filed in *this* district?** |
|---|---|

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** |
|---|---|

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
<br>Number       Street

_____

_____
<br>City                                                        State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name   _____

Phone   _____

---

## Statistical and administrative information

| 13. | **Debtor's estimation of available funds** |
|---|---|

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

| 14. | **Estimated number of creditors (on a consolidated basis)** | ☐ 1-49<br>☑ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
|---|---|---|---|---|

| Debtor | Accelerate Diagnostics, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

| | | | |
|---|---|---|---|
| **15. Estimated assets**<br>**(on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☑ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities**<br>**(on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☑ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   May 8, 2025
              MM  / DD / YYYY

✖ /s/ Jack Phillips                              Jack Phillips
Signature of authorized representative of debtor    Printed name

Title   President and Chief Executive Officer

**18. Signature of attorney**

✖ /s/ Andrew R. Remming          Date   May 8, 2025
Signature of attorney for debtor              MM    / DD / YYYY

Andrew R. Remming
Printed name
Morris, Nichols, Arsht & Tunnell LLP
Firm name
1201        N Market St # 1600
Number    Street
Wilmington                          DE        19801
City                                State     ZIP Code

302-351-9405                        aremming@morrisnichols.com
Contact phone                       Email address

5120                                DE
Bar number                          State

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ACCELERATE DIAGNOSTICS, INC., | ) | Case No. 25-[●] (   ) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy Under Chapter 11

1.      Certain of the Debtors' securities are registered under Section 12 of the Securities Exchange Act of 1934.  The SEC file number is 001-31822.

2.      The following financial data is the latest available information and refers to the Debtors' condition as of the dates noted in the comments below.

| | | | |
|---|---|---|---|
| a. | Total assets (on a consolidated basis) | $ | 28,556,000.00 |
| b. | Total debts (on a consolidated basis) | $ | 84,596,000.00 |
| c. | Debt securities held by more than 500 holders | | N/A |
| d. | Number of shares of preferred stock | | 0 |
| e. | Number of shares of common stock | | 25,291,666 |

Comments, if any: Total assets and total debts are listed as of the quarterly period ended December 31, 2024.  To the Debtors' knowledge, the shares of common stock listed above are those outstanding as of April 29, 2025.

3.      Brief description of Debtors' business: Accelerate Diagnostics, Inc. is an *in vitro* diagnostics company dedicated to providing solutions that improve patient outcomes and lower healthcare costs through the rapid diagnosis of serious infections.

4.      List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

- Jack Schuler;

- Entities affiliated with Indaba Capital Management, L.P.; and

- Entities affiliated with Armistice Capital LLC.

Debtor: Accelerate Diagnostics, Inc., *et al*                                                                                          Case number (if known) ____

Debtor name: Accelerate Diagnostics, Inc., *et al*
United States Bankruptcy Court for the: District of Delaware
Case number (if known):

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**                    **12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | Sidley Austin LLP One South Dearborn St. Chicago, IL 60603 | Attn: Michael S. Mork Phone: 312-456-5870 Email: mmork@sidley.com | Professional Services | | | | $523,888 |
| 2 | Becton Dickinson & Co. One Becton Drive Franklin Lakes, NJ 07417-1880 | Attn: Bryan Smith Phone: 800-638-8663 Email: bryan.smith2@bd.com | Professional Services | | | | $403,173 |
| 3 | Innovative Certified Technical Plating DBA INCERTEC 500 73rd Ave Suite 123 Fridley, MN 55432 | Attn: Ryan Miller Phone: 763-347-2444 Email: ryan.miller@incertec.com | Trade Debt | | | | $313,905 |
| 4 | Bruker Scientific, LLC 40 Manning Road Billerica, MA 01821 | Attn Officer/Director or Legal Dept Phone: +1 978-663-3660 | Trade Debt | | | | $254,930 |
| 5 | State University of Iowa 105 Jessup Hall Iowa City, IA 52242 | Attn: Bradley Ford Phone: 319-356-2990 Email: bradley-ford-1@uiowa.edu | Professional Services | | | | $227,761 |
| 6 | iXsystems, Inc. 541 Division Street Campbell, CA 95008 | Attn: David Valencia Phone: 408-943-4100 Email: david@ixsystems.com | Trade Debt | | | | $159,000 |
| 7 | Eurofins Genomics LLC 12621 Plantside Drive Louisville, KY 40299 | Attn: Vikram Kannappan Phone: 800-688-2248 Email: vikramkannappan@eurofinsus.com | Trade Debt | | | | $110,814 |
| 8 | Argonaut Manufacturing Services 2841 Loker Ave E Carlsbad, CA 92010 | Attn Billy Burris Phone: 858-442-1347 Email: gjaharis@argonautms.com | Trade Debt | | | | $85,578 |
| 9 | Auer Precision 1050 W. Birchwood Ave Mesa, AZ 85210 | Attn: Sharon Higgins Phone: 480-834-4637 Email: sharon.higgins@auerprecision.com | Trade Debt | | | | $80,534 |
| 10 | KBF CPAs LLP 5285 Meadows RdSuite 420 Lake Oswego, OR 97035 | Attn: Alex Nelson Phone: 949-529-3900 Email: anelson@kbfcpa.com | Professional Services | | | | $79,667 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11 | MCRA, LLC 505 Park Ave14th Floor New York, NY 10022 | Attn David Lown Phone: 202-318-3486 Email: dlown@mcra.com | Professional Services | | | | $69,167 |
| 12 | Everworks LTd T/A Qualio 13-18 City Quay Dublin, D02 ED70 Ireland | Attn Officer/Director or Legal Dept Phone: 855-203-2010 Email: contact@qualio.com | Professional Services | | | | $64,855 |
| 13 | American Type Culture Collection 10801 University Boulevard Manassas, VA 20110 | Attn: John Sweeny Phone: 703-365-2700 | Trade Debt | | | | $56,895 |
| 14 | Precision for Medicine, Inc. 8425 Precision Way Suite M Frederick, MD 21701 | Attn Officer/Director or Legal Dept Phone: 804-402-0592 | Professional Services | | | | $42,925 |
| 15 | LasX Industries Inc. 4444 Centerville RdSuite 170 St Paul, MN 55127 | Attn Officer/Director or Legal Dept Phone: 651-407-0011 Email: service@lasx.com | Trade Debt | | | | $32,880 |
| 16 | Slidematic Industries 1303 Samuelson Rd. Rockford, IL 61109 | Attn Officer/Director or Legal Dept Phone: 815-986-0500 Fax: 815-986-0499 | Trade Debt | | | | $29,462 |
| 17 | Broadridge Financial Solutions, Inc. PO Box 417106 Boston, MA 02241 | Attn: Stephanie Manzanares Phone: 213-660-9548 Email: Stephanie.Manzanares@broadridge.com | Professional Services | | | | $27,453 |
| 18 | CBIZ Payroll 2797 Frontage Road Suite 200 Roanoake, VA 24017 | Attn Officer/Director or Legal Dept Phone: 540-815-6244 Email: claims@cbiz.com | Professional Services | | | | $25,000 |
| 19 | Wood, Herron & Evans, L.L.P. 600 Vine St Suite 2800 Cincinnati, OH 45202 | Attn Officer/Director or Legal Dept Phone: 513-241-2324 Fax: 513-241-6234 | Professional Services | | | | $22,377 |
| 20 | Master Spring & Wire Form Co. 78 Congress Circle West Roselle, IL 60172 | Attn Officer/Director or Legal Dept Phone: 708-879-8361 Email: info@masterspring.com | Trade Debt | | | | $21,500 |
| 21 | MLX Electronics Holding DBA Molex LLC 2222 Wellington Court Lisle, IL 60532 | Attn Officer/Director or Legal Dept Phone: 708-879-8361 | Trade Debt | | | | $20,200 |
| 22 | FedEx Freight 2200 Forward Drive Harrison, AR 72801 | Attn Officer/Director or Legal Dept Phone: 866-393-4585 | Trade Debt | | | | $18,635 |
| 23 | Sigma-Aldrich, Inc. 3050 Spruce Street St. Louis, MO 63103 | Attn Officer/Director or Legal Dept Phone: 800-359-0685 Fax: 314-771-5757 | Trade Debt | | | | $17,980 |

Debtor: Accelerate Diagnostics, Inc., et al

Case number (if known) ____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 24 | ZYCI LLC 3286 Catalina Drive Chamblee, GA 30341 | Attn Officer/Director or Legal Dept Phone: 404-314-7064 Email: quotes@zyci.com | Trade Debt | | | | $16,490 |
| 25 | EMD Millipore Corporation 400 Summit Drive Burlington, MA 01803 | Attn Officer/Director or Legal Dept Phone: 800-645-5476 Fax: 800-645-5439 | Trade Debt | | | | $15,730 |
| 26 | Ernst & Young U.S LLP 200 Plaza Drive Secaucus, NJ 07094 | Attn Officer/Director or Legal Dept Phone: 202-227-2179 | Professional Services | | | | $15,000 |
| 27 | Diligent Corporation 1111 19th St NW Washington, DC 20036 | Attn Officer/Director or Legal Dept Phone: 973-556-6300 Email: support@diligent.com | Trade Debt | | | | $13,978 |
| 28 | Equity Methods, LLC 8801 E. Raintree Drive Suite 100 Scottsdale, AZ 85260 | Attn: Nathan O' Connor Phone: 480-428-1200 Fax: 480-767-1374 Email: nathan.oconnor@equitymethods.com | Professional Services | | | | $12,396 |
| 29 | Progress Software Corporation 15 Wayside Road Suite 400 Burlington, MA 01803 | Attn: David M. Partyka Phone: 1-781-850-7970 | Trade Debt | | | | $11,046 |
| 30 | ZOHO Corporation 4141 Hacienda Dr. Pleasanton, CA 94588 | Attn Officer/Director or Legal Dept Phone: 925-924-9500 Email: sales@zohocorp.com | Trade Debt | | | | $7,267 |

**ACCELERATE DIAGNOSTICS, INC.**

**ACTION BY UNANINIMOUS WRITTEN
CONSENT OF THE SPECIAL COMMITTEE
OF THE BOARD OF DIRECTORS**

Adopted May 7, 2025

The undersigned, being all of the members of the special committee (the "Special Committee") of the board of directors (the "Board") of Accelerate Diagnostics, Inc., a Delaware corporation (the "Company"), hereby adopt the following resolutions by unanimous written consent (this "Consent"), in accordance with Section 141(f) of the General Corporation Law of the State of Delaware, which Consent shall have the same force and effect as if so adopted at a duly convened meeting of the Board:

**WHEREAS,** on May 1, 2025, pursuant to the Unanimous Written Consent of the Board of Directors of the Company, the Board delegated exclusive power and authority to the Special Committee to address matters relating to the potential restructuring of operations, including overseeing, negotiating, authorizing and implementing an insolvency proceeding with respect to the Company;

**WHEREAS**, the Special Committee has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's assets, credit market conditions, and macroeconomic conditions impacting the Company;

**WHEREAS**, as a result of the financial condition of the Company, the Company engaged counsel and financial advisors to provide advice to the Special Committee regarding its obligations to its creditors, equity holders, employees and other interested parties;

**WHEREAS**, the Special Committee has had the opportunity to consult with senior management of the Company and the Company's legal, financial, and other advisors and fully consider the strategic alternatives available to the Company;

**WHEREAS**, the Special Committee has received, reviewed, and considered the recommendations of the senior management of the Company and the Company's legal and financial advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and has determined that, in its judgment, it is advisable and in the best interests of the Company, its creditors, equity holders, employees and other interested parties that the Company voluntarily file a petition (the "Petition" and, such case, the "Bankruptcy Case") for relief under the Bankruptcy Code; and

**WHEREAS**, in support of the Bankruptcy Case, the Company intends to enter into (i) that certain *Multi-Draw Senior Secured Super-Priority Priming Debtor-In-Possession Credit*

*Agreement* (as the same may be amended, restated, supplemented or otherwise modified from time to time in accordance with the terms thereof, together with the schedules and exhibits attached thereto, and all agreements, documents, instruments and amendments executed and delivered in connection therewith, the "DIP Documents"), by and among the Company, as borrower, and the lenders from time to time party thereto, consistent with the terms set forth in that certain *Accelerate Diagnostics, Inc. – Summary of Term and Conditions - Senior Secured Super-Priority Debtor-In-Possession Credit Facility* (the "DIP Term Sheet") and (ii) that certain *Asset Purchase Agreement* (the "Stalking Horse APA"), by and among the Company, and the Purchaser (as defined therein) and any of its permitted assignees, and the other parties thereto, consistent with the terms set forth in that certain *Accelerate Diagnostics, Inc. - Stalking Horse Term Sheet* (the "Stalking Horse Term Sheet");

**WHEREAS**, the Special Committee desires to adopt and approve the following resolutions.

### NOW, THEREFORE, BE IT:

### Commencement and Prosecution of the Bankruptcy Case

**RESOLVED**, that, in the judgment of the Special Committee, it is desirable and in the best interests of the Company, its creditors, stockholders, employees, and other interested parties that the Petition be filed by the Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") commencing the Bankruptcy Case under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the filing of the Petition on behalf of the Company be, and the same hereby is, approved, authorized, and adopted in all respects and that the Company's president, chief executive officer, chief financial officer, and general counsel (each of the foregoing, individually, an "Authorized Officer" and together, the "Authorized Officers"), be and they hereby are, authorized and empowered on behalf of the Company, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time and in such form as any of the Authorized Officers may determine (which approval and authorization thereof shall be conclusively evidenced by the filing of the Petition with the Bankruptcy Court); and it is further

**RESOLVED**, that each of the Authorized Officers be, and hereby are, authorized to (a) execute and file the Petition, along with all schedules of assets and liabilities, statements of financial affairs, lists, motions, applications, pleadings, declarations and other papers that any of the Authorized Officers may determine necessary or proper in connection with such Bankruptcy Case, (b) execute, acknowledge, deliver, and verify any and all documents necessary or proper in connection with the Petition and to administer the Bankruptcy Case in such form or forms as any of the Authorized Officers may determine necessary or proper and in order to effectuate the foregoing resolutions, and (c) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers or other experts, as any of the Authorized Officers determine necessary or proper to accomplish the purposes of the resolutions, with any such determinations being conclusively evidenced by the executing, filing,

acknowledging, delivering, verifying, or engaging thereof by any such Authorized Officer; and it
is further

### Retention of Professionals

**RESOLVED**, that the law firm of Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried
Frank"), located at One New York Plaza, New York, NY 10004, shall be, and hereby is,
authorized, directed, and empowered to represent the Company as general bankruptcy counsel, to
represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take
any and all actions to advance the Company's rights, including the preparation of pleadings and
filings in its Bankruptcy Case; and in connection therewith, the Authorized Officers of the
Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed
and empowered, on behalf of and in the name of the Company to execute appropriate retention
agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy
Case, and to cause to be filed an appropriate application for authority to retain the services of Fried
Frank; and it is further

**RESOLVED**, that the law firm of Morris, Nichols, Arsht & Tunnell LLP ("MNAT"),
located at 1201 N Market St # 1600, Wilmington, DE 19801, shall be, and hereby is, authorized,
directed and empowered to represent the Company as Delaware bankruptcy counsel, to represent
and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and
all actions to advance the Company's rights, including the preparation of pleadings and filings in
its Bankruptcy Case; and in connection therewith, the Authorized Officers of the Company be, and
each of them, acting alone or in any combination, hereby is, authorized, directed and empowered,
on behalf of and in the name of each such respective Company to execute appropriate retention
agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy
Case, and to cause to be filed an appropriate application for authority to retain the services of
MNAT; and it is further

**RESOLVED**, that SOLIC Capital Advisors, LLC ("SOLIC"), located at 25 West New
England Avenue, Suite 300, Winter Park, FL 32789, shall be, and hereby is, authorized, directed
and empowered to serve as restructuring advisor to represent and assist the Company in carrying
out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's
rights and obligations in connection with the Bankruptcy Case; and in connection therewith, the
Authorized Officers of the Company be, and each of them, acting alone or in any combination,
hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to
execute appropriate retention agreements, pay appropriate retainers, if required, prior to and
immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate
application for authority to retain the services of SOLIC; and it is further

**RESOLVED**, that Perella Weinberg Partners LP ("PWP"), located at 767 Fifth Avenue,
New York, NY 10153, shall be, and hereby is, authorized, directed and empowered to serve as
investment banker to represent and assist the Company in connection with the potential
restructuring of the Company's business and in carrying out its duties under the Bankruptcy Code
and to take any and all actions to advance the Company's rights and obligations in connection with
the Bankruptcy Case; and in connection therewith, the Authorized Officers of each Company be,
and each of them, acting alone or in any combination, hereby is, authorized, directed, and

3

empowered, on behalf of and in the name of the respective Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of PWP; and it is further

**RESOLVED**, that Stretto, Inc. ("Stretto" and together with Fried Frank, MNAT, SOLIC and PWP, collectively, the "Advisors"), located at 410 Exchange, Suite 100, Irvine, CA 9260, shall be, and hereby is, authorized, directed and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Case; and in connection therewith, the Authorized Officers of the Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed appropriate applications for authority to retain the services of Stretto; and it is further

**RESOLVED**, that the Advisors are hereby authorized to take any and all actions necessary or desirable to advance the Company's rights and obligations and facilitate the Bankruptcy Case; and it is further

### Postpetition Financing and Sale Process

**RESOLVED**, that in connection with the Bankruptcy Case, the Authorized Officers shall be, and hereby are, authorized, directed, and empowered, in the name and on behalf of the Company, as a debtor and debtor in possession, to (a) negotiate, execute, and deliver agreements for post-petition financing and use of cash collateral on terms substantially similar to those set forth in the DIP Term Sheet and described or provided to the Special Committee, including with respect to the DIP Documents; (b) pledge and grant liens on the Company's assets as may be contemplated by or required under the terms of such post-petition financing; or (c) execute, deliver, verify and/or file, or cause to be filed and/or executed, delivered or verified, and to amend, supplement or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, affidavits, schedules, motions, pleadings and other documents, agreements and papers, postpetition financing documents and loan agreements (including any ancillary documents thereto) in such form as an Authorized Officer may approve, and to take any and all actions that an Authorized Officer determines advisable, necessary or appropriate in connection with any postpetition financing or any use of cash collateral contemplated hereby or thereby (such approval and the approval of the Special Committee to be conclusively evidenced by the execution thereof or taking of such action by an Authorized Officer); and it is further

**RESOLVED**, that in connection with the Bankruptcy Case, the Authorized Officers shall be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of the Company, to commence a bidding and sale process for the Company's assets and pursue negotiations with any interested parties regarding a sale of such assets pursuant to section 363 of the Bankruptcy Code or otherwise; and it is further

**RESOLVED**, that in connection with the Bankruptcy Case, the Special Committee has determined that it is desirable and in the best interest of the Company to negotiate and enter into the Stalking Horse APA reflecting the terms set forth in the Stalking Horse Term Sheet, and to

continue, after commencement of the Bankruptcy Case, the marketing for sale of the Company's assets and pursue negotiations with any interested parties regarding one or more sales of such assets or otherwise, in each case subject to the terms and conditions set forth therein and the bidding procedures established by the Bankruptcy Court and further authorization of the Special Committee of any such sale; and it is further

**RESOLVED**, that the execution and delivery of (a) the Stalking Horse APA, with such changes therein and additions thereto as the Authorized Officers executing the same shall approve, the execution thereof by an Authorized Officer to be deemed conclusive evidence of such approval, and (b) the other sale documents, including, without limitation, any exhibits, appendices, and schedules thereto, and the performance by the Company of its obligations thereunder, hereby are expressly authorized, adopted, confirmed, ratified, and approved with such modifications, changes, additions and deletions thereto as may be approved or deemed necessary, desirable, convenient, advisable or appropriate by an Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval, necessity, desirability, convenience, advisability or appropriateness, and such approval is intended to and shall constitute all authorization and approval required by the Special Committee; and it is further

**RESOLVED**, that each of the Authorized Officers is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, amendments, papers or writings as may be required in connection with or in furtherance of any of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Officer(s) to be deemed conclusive evidence of the approval by the Special Committee of the terms, provisions and conditions thereof; and it is further

**RESOLVED**, that any and all past actions heretofore lawfully taken by any Authorized Officer, or any other officers, directors, members or any authorized persons acting under similar authority, as the case may be, of the Company or the Special Committee, in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted and approved in all respects; and it is further

**General Resolutions**

**RESOLVED**, that the Authorized Officers shall be, and hereby are, authorized, directed, and empowered, in the name and on behalf of the Company, as a debtor and debtor in possession, to negotiate, execute, deliver, and perform on behalf of the Company such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guarantees, notices, and any and all other documents, and to amend, supplement or otherwise modify from time to time agreements, certificates, instruments, guarantees, notices, and all other documents, including, without limitation, affidavits, schedules, motions, pleadings and other documents, agreements and papers, in such form as an Authorized Officer may approve, and to take any and all actions that an Authorized Officer determines advisable, necessary or appropriate in connection with the chapter 11 case or as the Authorized Officers may deem necessary or proper to facilitate the transactions contemplated by these resolutions (such approval and the approval of the Special Committee to be conclusively evidenced by the execution thereof or taking of such action by an Authorized Officer); and it is further

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized and empowered to prepare, execute and file, or cause to be prepared, executed and filed, all reports, schedules, statements, documents and information required to be filed with the Securities and Exchange Commission pursuant to the Securities Exchange Act of 1934, as amended, and the rules and regulations promulgated thereunder, including, without limitation, reports relating to certain current events on Form 8-K; and it is further

**RESOLVED**, that the Authorized Officers be, and each of them hereby is, authorized, empowered and directed to pay all qualification, filing, legal and other expenses incurred in connection with any of the foregoing resolutions; and it is further

**RESOLVED**, that all acts done or actions taken prior to the date hereof by the Authorized Officers or any professionals engaged by the Company with respect to any transactions contemplated by the foregoing resolutions, or otherwise in preparation for or in connection with the Bankruptcy Case, or any proceedings related thereto, or any matter related thereto, be and hereby are, adopted, approved, authorized ratified, and confirmed in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that this Consent may be executed in one or more counterparts, such as facsimile copies, PDF signatures and photocopies (including via DocuSign), all of which together shall have the same effect as original signatures and the executed copies shall be inserted in the corporate book of the Company.

[*Signature Page Follows*]

**IN WITNESS WHEREOF,** the undersigned the undersigned have signed this Consent as of the date first written above.

SPECIAL COMMITTEE OF THE
BOARD OF DIRECTORS OF
ACCELERATE DIAGNOSTICS, INC.

*Wayne Burris*

Wayne Burris ⎯ F93D3AFE7950482...

*Paul Shalhoub*

Paul Shalhoub ⎯ AB94FCD9987C4C1...

*Gilbert Nathan*

Gilbert Nathan ⎯ 3FA0CDB4D9724CB...

[*Signature Page to Unanimous Written Consent of Accelerate Diagnostics, Inc. - Chapter 11 Filing*]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ACCELERATE DIAGNOSTICS, INC., *et al.*,[1] | ) Case No. 25-[●] (   ) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007 and 7007.1 of the Federal Rules of Bankruptcy Procedure, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby state as follows:

1.    The following entities own ten percent (10%) or more of the common stock, $0.0001 par value per share, of Accelerate Diagnostics, Inc. ("AXDX") as of April 29, 2025:[2]

| Name | Address | Shares (%) |
|---|---|---|
| Jack Schuler | Jack Schuler c/o Accelerate Diagnostics, Inc., 3950 South Country Club Road, Suite 470, Tucson, Arizona 85714 | 40.1 % |

2.    Debtor Accelerate Diagnostics Texas, LLC is wholly owned by Debtor AXDX.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, are Accelerate Diagnostics, Inc. (2256) and Accelerate Diagnostics Texas, LLC (9947).  The Debtors' service address for purposes of these chapter 11 cases is: 3950 South Country Club Road, Suite 470, Tucson, AZ 85714.

[2]    By the *Debtors' Motion for Entry of an Order (I) Waiving the Requirements to File a List of, and Provide Notice to, All Equity Holders, (II) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, (C) File Under Seal Portions of the Creditor Matrix and Other Filings Containing Certain Personal Identification Information, and (III) Granting Related Relief* filed contemporaneously herewith, the Debtors are requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity holders.

**Fill in this information to identify the case and this filing:**

Debtor Name    Accelerate Diagnostics, Inc., et al.

United States Bankruptcy Court for the: _____    District of   Delaware
                                                                              (State)

Case number (*If known*):    _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* _____

☑   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑   Other document that requires a declaration   Consolidated Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   May 8, 2025                    ✖ /s/ Jack Phillips
              MM / DD / YYYY                 _____
                                             Signature of individual signing on behalf of debtor

                                             Jack Phillips
                                             _____
                                             Printed name

                                             President and Chief Executive Officer
                                             _____
                                             Position or relationship to debtor